UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-5404-BAT <br><br> **ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously rejected the testimony her husband and she gave and the residual functional (RFC) determination is thus incomplete. Dkt. 16 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.    Plaintiff's Testimony**

"If there is no evidence of malingering, the ALJ may reject the claimant's testimony about the severity of the symptoms only by making specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater,* 80 F.3d 1273, 1283-84 (9th Cir. 1996); *see also Garrison v. Colvin*, 759 F.3d 995, 1014, n.18 (9th Cir. 2014) ("The government's suggestion that

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

—

we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected."). The ALJ did not find malingering but discounted plaintiff's testimony as "not consistent with the medical evidence and other evidence" and "inconsistent with contemporaneous reports of actual functioning." Tr. 978.

Plaintiff argues the ALJ erred by failing to provide clear nor convincing reasons to reject her testimony "regarding fatigue." Dkt. 16 at 5. The Commissioner disagrees arguing the ALJ detailed the medical record and found plaintiff's testimony was inconsistent with it. Dkt. 17 at 7-8. An ALJ may not reject a claimant's testimony based upon generalized, and conclusory findings. *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Smolen v. Chater*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.").

Here, the ALJ noted the medical record showed plaintiff denied feeling fatigued on: June 4, 2010 (citing 2F/259 at Tr. 571); April 18, 2013 (citing 2F/199 "pain is 2/10); April 26, 2013 (denied fatigue) (citing 2f/189 at Tr. 501); and September 27, 2013 (denied generalized pain or fatigue) *See* Decision Tr. 979-81. The record also shows other such reports: June 6, 2012, Tr 438 ("No generalized pain, not feeling tired (fatigue)"); October 8, 2013, Tr. 443 ("No back pain); September 27, 2013, Tr. 448 ("no generalized pain, not feeling tired (fatigue)"); Tr. 467("No generalized pain, not feeling tired (fatigue)"); and Tr. 465 ("pt states feels really good . . . states

mild fatigue noted."

To be sure, the record contains complaints consistent with plaintiff's such as plaintiff "reports . . . easy fatigability" … and "reports that her back pain is dull . . . the back pain is intermittent, occuring mostly with prolonged standing," (Tr. 496-970), and plaintiff was feeling "feeling tired (fatigue)." Tr. 511. But the Court cannot say the ALJ improperly cherry-picked parts of the medical record to the point where her finding is unsupported by substantial evidence.

While the ALJ's decision could have been more precise, it is not so vague the Court cannot discern the ALJ's rationale for rejecting plaintiff's testimony. The ALJ may properly discount a claimant's testmony as inconstant with reports contained in the medical record. The ALJ specifically noted plaintiff denied fatigue to her medical providers. The Court cannot say the ALJ unreasonably found plaintiff's fatigue complaints did not stack up with medical records indicating fatigue complaints less severe than she claimed. As the ALJ relied upon a clear and convincing reason to discount plaintiff's testimony that is supported by substantial evidence the Court affirms the ALJ's determination.

The ALJ gave other reasons to reject plaintiff's testimony. The Court need not address them because assuming the other reasons are erroneous, any error would be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**B.   Lay Testimony**

The ALJ rejected the testimony of Mr. P., plaintiff's husband, about the severity of her fatigue symptoms finding among other things his testimony was "not consistent with treatment

1   notes from the relvant period showing that she regularly denied experiencing fatigue or feeling

2   tired during treatment visits." Tr. 984. This is a valid reason to discount plaintiff's husband's

3   testimony because as discussed above the ALJ reasonably found the medical record conflicted

4   with plaintiff's fatigue testimony. *See Molina v. Astrue* 674 F.3d 1104 (9th Cir. 2012) (ALJ's

5   well-supported reasons for rejecting the claimant's testimony apply equally well to the lay

6   witness testimony).

7   However, Mr. P. testified plaintiff had other limitations. The ALJ in fact noted Mr. P.'s

8   reports that plaintiff has memory problems, struggles with instructions and completing tasks; was

9   not a reliable witness of events at the first hearing the ALJ conducted in 2017; has the ability to

10  concentrate for about  30 minutes; can perform light household chores for 15 minutes before

11  needing a break; and can no longer drive. Tr, 984.

12  The ALJ rejected Mr. P.'s testimony about these limitations first finding they were based

13  upon "internally inconsistent" statements contained in his Janaury 2016 functioning report. *Id.*

14  Specifically, theALJ found Mr. P. stated plaintiff easily fatigued and [is] unable to maintain

15  focus on tasks." *Id.* But the ALJ noted Mr. P. also stated plaintiff can manage self-care, take care

16  of pets, prepare meals, perform light housework and shop, can maintain focus for 30 minutes,

17  and can generally finish what she starts. *Id.*

18  Substantial evidence does not support the ALJ's finding. Mr. P stated in his 2016 report

19  that "Julie gets up & feeds the dogs, will sit & watch TV until she the energy to to light-

20  housework, not more than 15 minutes at a time." Tr. 180. He described plaintiff's care of pets as

21  she "feeds them in the morning lets them outside throughout the day." Tr. 181. He stated

22  "sometimes in the evening I need to wake/remind her to take her medicines." Tr. 182. As to

23  preparing meals he stated she made "cereal, sandwhiches, salad, sometimes makes dinner for the

family, not more than 3 times a month." Tr. 182. He also stated plaintiff shops once or twice a week but does not drive. Tr. 183. Plaintiff pays bill but "she will forget to pay bills & I have to remind her." Tr. 184. And finally that she "seems to stress over the slightest issues," and "does not like to change routine and is prone to forget things." Tr. 186.

Mr. P's 2016 statement is thus not internally inconsistent but consistent with this testimony that plaintiff can perform certain daily functions but in a far more limited way than assessed by the ALJ. Substantial evidence does not support the ALJ's finding and the ALJ accordingly erred.

The ALJ also rejected a declaration Mr. P. provided in 2020. At the 2020 hearing plaintiff's counsel advised the ALJ that Mr. P. was in the waiting room. Tr. 997. The ALJ stated "his written statement will suffice." The ALJ and plaintiff's counsel then discussed Mr. P's testimony and the ALJ ended the discussion stating "I have already ruled." Tr. 998. Mr. P. did not testify at the hearing but submitted a declaration.

In her decision, the ALJ first discounted Mr. P.'s declaration stating the "claimant had every opportunity to submit a written statement at ever stage of the hearing process prior to his January 2020 declaration." Tr. 985. This is not a rational basis to reject Mr. P.'s statement and the ALJ accordingly erred.

The ALJ also rejected Mr. P.'s 2020 declaration on the grounds "there is no medical evidence from the relevant period to show that she experienced debilitating fatigue, deceased memory or visual limitations." Tr. 985. As noted above, the ALJ properly discounted plaintiff's testimony about fatigue as inconsistent with the medical record and thus properly discounted Mr. P.'s 2020 statement about fatigue. However, substantial evidence does not support the ALJ's finidng there is no medical evidence to show plaintiff had decreased memory as Mr. P. stated.

1  The ALJ in fact noted that the state agency consultants who reviewed the medical record "opined

2  there is insufficient medical evidence in the record to evaluate the claimant's mental

3  functioning," not that she had no mental limitations including the limiations Mr. P. described.

4  The ALJ accordingly erred.

## CONCLUSION AND SCOPE OF REMAND

Plaintiff requests remand for an award of benefits. Dkt. 18. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Court finds that because the medical evidence regarding plaintiff's mental functioning may need further development and Mr. P.'s testimony needs to be reweighed, remand for further proceedings is appropriate.

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Mr. P.'s testimony about plaintiff's mental limitations, develop the record and redetermine the RFC as needed and proceed to the remaining steps as appropriate.

DATED this 12th day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge